# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEXINGTON INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 12-500** |
| **BRIAN ELLER, ET AL.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Lexington Insurance Company ("Lexington") filed an interpleader complaint in this matter on February 23, 2012, regarding a settlement agreement Lexington reached with Brian Eller, stating that multiple claimants have interests in the funds.[1]  On February 28, 2012, the Court permitted Lexington to deposit the settlement funds into the registry of the Court.[2]   Lexington claims no interest in the funds,[3] and on May 16, 2012, filed a Motion for Discharge ("Motion"),[4] which is currently before this Court, seeking discharge of its obligations associated with this matter pursuant to 28 U.S.C. § 2361.  No memorandum in opposition to the Motion, which was set for hearing on June 6, 2012, was submitted, timely or otherwise.  Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing on the motion.

Accordingly, this motion is deemed to be unopposed, and further, it appearing to the Court

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 4.

[3] Rec. Doc. 1 at ¶ 18.

[4] Rec. Doc. 25.

that the motion has merit,[5] **IT IS ORDERED** that Lexington's Motion for Discharge[6] is **GRANTED** as unopposed.

      **IT IS ORDERED** that Lexington is discharged from any further obligations associated with this matter.

      **NEW ORLEANS, LOUISIANA**, this __8th__ day of June, 2012.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[5] Under 28 U.S.C. § 2361, a "district court . . . may discharge the plaintiff [in an interpleader action] from further liability . . . and make all appropriate orders to enforce its judgment." Further, Lexington has paid the entirety of the fund in the registry and has disavowed any interest in the fund, Rec. Docs. 2, 4, and therefore, no material controversy exists regarding Lexington. *See Gen. Elec. Capital Assurance v. Van Norman*, 209 F. Supp. 2d 668, 670 (S.D. Tex. 2002) (granting an interpleader plaintiff's unopposed motion for discharge when no material controversy involving the interpleader plaintiff existed).

[6] Rec. Doc. 25.